IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOEKETSI MOLAOLI,

                          Plaintiff,

OPINION AND ORDER

13-cv-540-bbc

     v.

PHYLISS REED, ALICIA BORTH and
DERIMER BRENT,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Moeketsi Molaoli has filed a proposed complaint on his own behalf against defendants Phyliss Reed, Alicia Borth and Derimer Brent. This court has granted plaintiff leave to proceed in forma pauperis. Dkt. #3. His proposed complaint is now before the court for screening to determine whether it is frivolous or malicious and whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Upon reviewing the complaint, I conclude that it violates Rule 8 of the Federal Rules of Civil Procedure. In addition, plaintiff may be attempting to bring an improper challenge to his probation or parole conditions, and he may be joining defendants in violation of Fed. R. Civ. P. 20. Therefore, I am dismissing plaintiff's complaint and giving him an opportunity to amend it so that it complies with the Federal Rules of Civil Procedure, which govern the filing of complaints in federal court.

1

BACKGROUND

Because plaintiff's complaint lacks any details about his claims, it is impossible to summarize, so I have quoted it below. Plaintiff names (1) Phyliss Reed; (2) Alicia Borth; and (3) Derimer Brent as defendants. Dkt. #1.

> 1(a) Respondent 1 misused her authority thus recommending plaintiffs incarceration on dubious grounds (false imprisonment) fabrication of evidence failure to keep from harm occurance 2013. attached 3 & 2
>
> (b) Respondent 1. kept me away from my children on bias/no allegations occurance January 2013 attached 1 & 2.
>
> 2. Defendant 2. Interfers with my freedom of movement at a public building thus feeling intimidated & targeted due to my ethnicity occurrance from July 2012 till date hate crime targeting subject.
>
> 3. Respondent 3; ordered defendant 2 to infringe my freedom to movement at a public building - occurrance July 2012 til date & respondent has on an occasion attempted intimidating me over phone link & at public building Title 42. USC. Section 14141 pursuant of code.

Under the section asking plaintiff to describe his request for relief, he wrote:

> I request the US Court to prosecute the lawsuit proceeding therein with a waiver to fees on or before (per attached) due to indigency
>
> My state of livelihood is beyond survival I wherefore seek monetary damages to slander emotional torture, public humiliation & single-racial hate crime

Plaintiff attaches three exhibits to his complaint. Id. The first is a printed page from an internet blogger profile entitled "NSUBUGA KYOBE JNR MARC BROWNSTEIN." Dkt. #1, exh. #1. The second is an incident report describing his arrest for probation or parole violations by the Beloit Police in December 2012. Dkt. #1, exh. #2. The third exhibit is a document on "Department of Corrections" letterhead, entitled "Rules of Community

Supervision," which lists rules about behavior and appears to be signed by defendant Reed. Dkt. #1, exh. #3. The document does not contain plaintiff's name. Id. After the typewritten rules, this document includes a handwritten note that prohibits the unnamed offender from having contact with his or her children until he or she completes counseling and classes on domestic violence. Id.

## DISCUSSION

### A. Rule 8

Plaintiff does not explain what incidents gave rise to the causes of action he brings against defendants, and he does not explain how the attached exhibits relate to his complaint. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint should provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). To comply with Rule 8, plaintiff must provide specific facts about particular acts or events, who committed those acts and how the court can assist plaintiff in relation to those events. In re marchFIRST Inc., 589 F.3d 901, 905 (7th Cir. 2009) ("The plaintiff must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" (quoting Concentra Health Services, Inc., 496 F.3d at 777)).

Plaintiff's complaint does not comply with Rule 8 because he does not provide any details or facts about his claims. Instead, he merely makes broad statements about

3

Case: 3:13-cv-00540-bbc Document #: 4 Filed: 09/10/13 Page 4 of 6

"incarceration on dubious grounds (false imprisonment)," "fabrication of evidence," "failure to keep from harm," "interfer[ence] with [his] freedom of movement at a public building" and "[keeping him] away from [his] children." Dkt. #1. Plaintiff fails to provide any facts that show what gave rise to these conclusions.

Specifically, although plaintiff seems to indicate that he was wrongfully imprisoned in relation to his December 2012 arrest, he does not explain what happened, how defendants are responsible, why the imprisonment was wrongful, why and in what way he has been kept from his children, how his freedom of movement was restricted in a public building or how he was intimidated wrongfully. Moreover, he does not explain the meaning of the exhibits he filed or how they illustrate his claims. To comply with Rule 8, plaintiff must provide facts that are specific and show that he may be entitled to relief from defendants. It is not enough to state mere conclusions about what legal wrong the defendants committed. Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) ("Courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.").

Taken as a whole, plaintiff's complaint does not state any specific facts about what defendants did to harm him or why he should recover anything from these particular defendants. Therefore, plaintiff's complaint does not state a claim upon which relief can be granted, and he must amend it in order for his case to proceed. Otherwise, I must dismiss his claims. Stanard v. Nygren, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.").

4

To make his complaint comply with Rule 8 and avoid dismissal, plaintiff must explain what happened to him to make him believe his rights were violated, when it happened, who did it and what he wants the court to do about it. In other words, plaintiff should write his complaint as if he is telling a story to someone who knows nothing about his situation. His complaint should answer these questions:

(1) What did defendants do to plaintiff to cause him harm?

(2) When and where did these events occur?

(3) What harm or injury did plaintiff suffer because of these events?

### B. Challenge to Parole or Probation Conditions

Plaintiff appears to be arguing that defendant Reed deprived him of his parental rights when he says that she kept him from his children. Dkt. #1. The exhibit entitled "Rules of Community Supervision" includes a handwritten note stating, "you shall have no contact with your children until successful completion of counseling and domestic violence classes." Dkt. #1, exh. #3. Therefore, plaintiff may be attempting to challenge one of the conditions of his parole or probation. If that is what plaintiff is doing, he may not bring this challenge as a 42 U.S.C. § 1983 case but must bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254, after he "exhausts" all state court remedies, that is, after he has taken full advantage of the state appeal process. Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003) (challenges to parole and probation conditions constitute challenges to the fact or duration of confinement and should be brought as petitions for writ of habeas corpus).

C. Rule 20

Finally, plaintiff's claims against defendant Reed appear to involve his December 2012 arrest while his claims against Borth and Brent appear to involve an ongoing dispute that started in July 2012. Dkt. #1. Fed. R. Civ. P. 20 requires that if a plaintiff brings claims against multiple defendants, then at least one of those claims must be about the same incident or series of events and must involve all of the defendants. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Because plaintiff's claims against defendant Reed appear to be unrelated to his claims against defendants Borth and Brent, plaintiff may need to bring at least two separate lawsuits.

ORDER

IT IS ORDERED that plaintiff Moeketsi Molaoli's complaint is DISMISSED WITHOUT PREJUDICE, and he may have until September 30, 2013, to file a proposed amended complaint that complies with the Federal Rules of Civil Procedure as described in this order. If plaintiff fails to respond by that date, the clerk of court is directed to close the case.

Entered this 10th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge