IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOEKETSI MOLAOLI,

                                                  OPINION AND ORDER

             Plaintiff,

                                                  13-cv-540-bbc

     v.

PHYLLIS REED, ALICIA BORTH and
BRENT DEREMER,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 31, 2013, plaintiff Moeketsi Molaoli filed a proposed complaint. Dkt. #1. He also moved for leave to proceed in forma pauperis, dkt. #2, and was allowed to proceed without prepaying the filing fee, dkt. #3. After screening his complaint under 28 U.S.C. § 1915, I concluded that plaintiff had failed to state a claim upon which relief may be granted, in violation of Fed. R. Civ. P. 8. Sept. 10, 2013 Order, dkt. #4. I gave plaintiff an opportunity to amend his complaint to add enough facts to state a claim. Id.

In response to this order, plaintiff filed two amended complaints on October 25, 2013, asserting in one complaint claims against defendant Phyllis Reed as a result of his December 2012 arrest in Rock County, Wisconsin, Am. Cpt., dkt. #9, and in the other, claims against defendants Alicia Borth and Brent Deremer arising out of incidents in which these defendants allegedly followed him while he was in the Rock County Courthouse in 2012 and 2013. Am. Cpt., dkt. #8. These unrelated claims against different defendants

1

cannot be joined in the sam lawsuit, Fed. R. Civ. P. 20, so I ordered plaintiff to advise the court whether he wanted to proceed on one or both lawsuits and if only one, which one. Nov. 15, 2013 Order, dkt. #10.

Plaintiff responded by saying that he wished to proceed on his claims against defendant Reed, but he said his reason was that he could not pay the filing fee immediately. Dkt. #11.  It appeared that plaintiff had read the previous order as saying that if he chose both cases he would have to pay the filing fees immediately in order to proceed.  Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, he could proceed on both complaints (under different case numbers) without prepaying the filing fees.  In an order entered on November 25, 2013, dkt. #12, I explained to plaintiff that he would not need to prepay his filing fee even if he filed another case, but he would ultimately owe the court the filing fee for one lawsuit and he would owe an additional filing fee if he chose to pursue another lawsuit.  Plaintiff was directed to advise the court how he wanted to proceed.

Plaintiff responded on December 2, 2013, dkt. #13, saying that he wished to stay his lawsuit against defendant Reed because he could not afford to pay the filing fee.  Plaintiff has already incurred the obligation to pay a filing fee of $350 for this lawsuit and will have to pay this amount at some time regardless of the outcome of this suit.  However, he need not prepay the filing fee in order to proceed with this lawsuit.  In other words, plaintiff does not need to pay the court any money *at this time* in order for one of his lawsuits to continue. (He could also move forward with his other lawsuit without paying the filing fee at this time, but he would have to file that case separately and he would be obligated to pay another $350

2

filing fee over time.)

Because one filing fee has already been assessed and because plaintiff need not prepay any amount now, I am denying his motion to stay the case for his inability to pay the filing fee.  And, because plaintiff has elected to proceed only against defendant Reed and because he has not indicated in any of his most recent filings that he seeks to proceed on his claims against defendants Borth and Deremer, I have screened only his complaint against defendant Reed under 28 U.S.C. § 1915(c)(2).  I am dismissing his complaint against defendants Borth and Deremer without prejudice to plaintiff's re-filing that lawsuit in a separate case.

After screening his amended complaint against defendant Reed, I conclude that plaintiff has failed to state a claim upon which relief may be granted, but I am granting him one more opportunity to amend or supplement his complaint to add facts and details that state a claim.  Plaintiff's allegations in his amended complaint are not entirely clear, but he seems to be alleging the following facts.

ALLEGATIONS OF FACT

On December 13, 2012, plaintiff was under community supervision as a result of his conviction for disorderly conduct in Wisconsin state court.  He met with defendant Reed (who appears to be the state probation agent charged with supervising him).  Speaking to plaintiff in an intimidating manner, she asked about an email she said he had sent to his former spouse, which would have been a violation of a condition of his supervision.  A Beloit police officer then placed plaintiff in handcuffs.  Thereafter, plaintiff was detained in the

Rock County jail, where he "languish[ed] a month in detention." Am. Cpt., dkt. #9, at 2. While he was detained at the jail, defendant Reed met with him and asked him to sign a document that he describes as a "dossier." Plaintiff does not explain the contents of the dossier, but he alleges that he was under duress to sign it. Plaintiff was not given any proof that he had violated the conditions of his supervision. After plaintiff was released from jail, defendant Reed amended his conditions of supervision to prohibit him from having any contact with his children, starting January 13, 2013.

Defendant Reed was subpoenaed and appeared as a witness in plaintiff's divorce in January 2013.

Plaintiff is a "black citizen." Defendant Reed took actions against him out of racial and class-based animus.

OPINION

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, Haines v. Kerner, 404 U.S. 519, 521 (1972), so I will consider both the legal theories plaintiff has identified in his amended complaint, as well as other potential legal theories that might provide him relief.

A.  Detention

In regards to his detention, plaintiff states that (1) he was subject to "cruel and unusual punishment" and (2) defendant Reed "failed to keep [plaintiff] from harm," both

4

in violation of the Eighth Amendment.  He also says that he did not receive "legal process, violating the Fourteenth [A]mendment to due process."  Am. Cpt., dkt. #9, at 3.  Finally, he says defendant Reed directed his arrest and detention out of class-based and racial animus, in violation of the equal protection clause of the Fourteenth Amendment.  However, plaintiff does not explain what he means by any of these assertions.

By itself, a term in jail is not "cruel and unusual punishment."  Plaintiff has not alleged any facts to suggest that he was subjected to particular harm amounting to "cruel and unusual punishment" while in jail.

Next, he does not explain why defendant Reed would be responsible for protecting him before or during his detention.  He does not say, for example, that Reed had any involvement in the running of the jail.  Cf. Santiago v. Walls, 599 F.3d 749, 758 (7th Cir. 2010) (holding that "those charged with the high responsibility of running prisons" have the duty to protect prisoners).

As to plaintiff's claim of not receiving "legal process," probationers are entitled to both a preliminary and a final hearing on the issue of whether they violated their conditions of probation, Morrissey v. Brewer, 408 U.S. 471, 486 (1972), but plaintiff has not stated what process he did or did not receive.  He does not indicate whether he received a hearing on the revocation of his probation or was offered one.  He does state that he signed a "dossier" while in jail and did so "under duress," but he does not state what effect this document had on his detention.

Plaintiff's allegation that defendant Reed directed his arrest because she was biased

against him does not give rise to a claim that plaintiff was subject to "selective prosecution" in violation of the equal protection clause. Plaintiff's bald assertions that he was singled out for prosecution because of his economic class and race are insufficient to state a claim upon which relief may be granted.

Without stating more facts, plaintiff has failed to state a claim upon which relief may be granted. A complaint consisting of nothing more than "naked assertions devoid of further factual enhancement" must be dismissed for failing to meet the requirements of Fed. R. Civ. P. 8. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). I will give plaintiff one more opportunity to amend or supplement his complaint to address these deficiencies. If plaintiff chooses to respond, he should answer the following questions:

1. Did you receive a hearing at any time before, during or after you were arrested and detained in jail?

2. If you did receive a hearing, what was the result of that hearing? Did you appeal that result and, if so, what was the result of the appeal?

3. What kind of document was the "dossier" that you signed? What did it say?

4. Why do you say that you were "under duress" to sign this document? What made you believe you had to sign it?

5. Aside from staying in jail for one month, did anything happen to you that you believe amounts to "cruel and unusual punishment"? If so, what was it and why do you believe it was "cruel and unusual"?

6.  In what way did defendant Reed fail to protect you from harm?  What harm did you suffer?  Why do you think defendant Reed was responsible for that harm?

## B.  Contact with His Children

Plaintiff says that after his release from jail, defendant Reed handwrote an additional condition for his community supervision, prohibiting him from contacting his children.  It is not clear whether plaintiff is challenging the condition itself or whether he is challenging the fact that it was implemented by his probation officer, who may not have authority to impose probation conditions or who may have violated plaintiff's right to due process by imposing an additional condition without notice and hearing.

It is true that plaintiff's right to see his children is fundamental and he cannot be deprived of this right without due process.  Troxel v. Granville, 530 U.S. 57, 65 (2000).  But whether plaintiff is challenging the substance of the condition that he not contact his children or the procedure that led to the condition, his claims fail because he is challenging the existence of a condition of his probation, which is the same thing as challenging his sentence.  He may not bring such a challenge under 42 U.S.C. § 1983 unless he can show that a state court has reversed his conviction, expunged it or found it invalid.  Alternatively, he may proceed by way of a petition for a writ of habeas corpus.  Compare Heck v. Humphrey, 512 U.S. 477, 487 (1994), with Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003).

7

## C.  Other Federal Claims

Plaintiff also alleges that defendant Reed violated 42 U.S.C. § 14141, but this statute pertains to government agencies in charge of juvenile offenders and does not appear to have anything to do with plaintiff's allegations.  Therefore, I will not consider this argument further.  In addition, if plaintiff intends to bring a claim resulting from the testimony defendant Reed provided at his divorce, then he must state some facts about how this incident harmed him, whether he was on probation at the time and why he thinks defendant Reed was wrong to provide the testimony.  Without these facts, plaintiff cannot state a claim under Fed. R. Civ. P. 8.

## G.  State Law Claims

Plaintiff lists the following state law claims in his amended complaint: intentional emotional distress, loss of consortium, conspiracy, interference with plaintiff's livelihood and malicious prosecution.  Am. Cpt., dkt. #9, at 4.  If after responding to this order, plaintiff demonstrates that he may proceed on one or more of his federal claims, then I will determine whether to exercise supplemental jurisdiction over these state law claims.  28 U.S.C. § 1367(a); Groce v. Eli Lilly & Co., 193 F.3d 496, 500 (7th Cir. 1999) (district court has discretion to retain or refuse jurisdiction over state law claims).

ORDER

IT IS ORDERED that

1.  Plaintiff Moeketsi Molaoli's amended complaint against defendants Alicia Borth and Brent Deremer, dkt. #8, is DISMISSED without prejudice.

2.  Plaintiff's motion to stay, dkt. #13, is DENIED.

3.  Plaintiff's amended complaint against defendant Reed, dkt. #9, is DISMISSED for his failure to comply with Fed. R. Civ. P. 8.  He may have until February 10, 2014, to file a proposed amended complaint that gives defendant Reed proper notice of his claims. If plaintiff fails to respond by that date, the clerk of court is directed to close the case.

Entered this 30th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

9